IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CORNELIA SPENCE,** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **GEORGIA DIAGNOSTIC and CLASSIFICATION PRISON,** *et al.*, <br><br> *Defendants*. | **CIVIL ACTION NO.** <br> **5:25-cv-00050-TES** |

## ORDER DISMISSING CASE

This action arises from the death of Jeremiah Spence at the Georgia Diagnostic and Classification Prison in January 2023. [Doc. 1-1, ¶ 17]. Plaintiffs Cornelia Spence—as the administrator of Jeremiah Spence's estate—and Cleo Spence filed this action in the Superior Court of Butts County, Georgia, on January 26, 2025. [*Id.* at p. 1]. Defendants removed the action to this Court on February 10, 2025. [Doc. 1]. On March 23, 2025, Plaintiffs filed the instant Motion to Amend [Doc. 8], seeking to change several allegations within the original Complaint [Doc. 1-1]. The Court denied the Motion to Amend after concluding that the proposed amended complaint—and the original Complaint—constituted improper shotgun pleadings. [Doc. 13, p. 6]. The Court directed Plaintiffs to file a new complaint that complied with the Court's discussion regarding shotgun pleadings. [*Id.*]. The Court also explicitly warned that "[i]f Plaintiffs'

new proposed pleading fails to correct these deficiencies, then Plaintiffs' action will be dismissed with prejudice." [*Id.* at pp. 6–7].

Plaintiff filed a new Motion to Amend [Doc. 14], along with a new proposed amended complaint. *See* [Doc. 15].

## LEGAL STANDARD

At a minimum, a plaintiff must draft his complaint (as well as any amended complaint) to comply with the Federal Rules of Civil Procedure's pleading requirements. The Court reviews the sufficiency of a plaintiff's proposed amended complaint under Rules 8(a)(2) and Rule 10(b), which work together to serve at least two critical functions. These rules require a plaintiff to "present his claims discretely and succinctly, so that . . . his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520 (11th Cir. 1985)). They also allow courts to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . . ." *Id.*

Rule 8(a)(2) requires a plaintiff to draft his complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8 does not require detailed factual allegations, it requires a plaintiff to provide more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, for a plaintiff to clear this hurdle, his complaint must make "either direct or inferential allegations respecting all *material* elements of a cause of action." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).

Similarly, Rule 10(b) requires a plaintiff to draft his complaint to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

Given the importance of these pleading requirements, "complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320. "[C]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). In fact, tolerating a shotgun pleading is akin to "tolerat[ing] obstruction of justice." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). Because a district court suffers serious ramifications if it doesn't require a plaintiff to follow the most basic pleading requirements,[1] a district court has a "supervisory obligation" to

---

[1] *See, e.g.*, *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard.")).

direct a plaintiff to better plead his complaint in a manner that complies with federal pleadings requirements. *Hayden v. Wells Fargo Home Mortg.*, No. 1:10-CV-2153-CAP-ECS, 2010 WL 11647492, at *2 (N.D. Ga. Oct 29, 2010); *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (discussing shotgun pleadings as complaints that "fail[] to adequately link a cause of action to its factual predicates").

Thus far, the Eleventh Circuit Court of Appeals has identified four types of "shotgun pleadings." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019). Such complaints are characterized by:

> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) *failing to separate each cause of action or claim for relief into distinct counts*; or (4) *combining multiple claims against multiple defendants without specifying which defendant is responsible for which act*.

*Id.* (emphasis added). However, "the unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. The inherent issue with shotgun pleadings is that they require the district court, as well as all named defendants, to "cull through [all factual] allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claims." *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011).

**DISCUSSION**

Plaintiffs second proposed amended complaint does not address the deficiencies the Court pointed out in its prior Order. To begin, Counts I and II of Plaintiffs' proposed complaint still do not cite any legal authority for the claims. Sure, Plaintiffs sprinkle in a few citations to constitutional amendments,[2] but "[c]onstitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts." *DeVillier v. Texas*, 601 U.S. 285, 291 (2024). Instead, "constitutional rights are generally . . . asserted offensively pursuant to an independent cause of action designed for that purpose, *see, e.g.*, 42 U.S.C. § 1983." *Id.* And, the Court concedes that most who are familiar with federal-court litigation would assume that a plaintiff listing constitutional amendments is attempting to travel through § 1983.[3] However, that sort

---

[2] Plaintiffs begin their proposed complaint with "Jurisdiction is proper here because it is a 42 USC 1983 Action, ***plus*** it's an action which alleges violation of the Decedent's 8th amendment rights and 14th amendment rights[.]" [Doc. 15, ¶ 15c (emphasis added)]. There is no "plus." Section 1983 is the only vehicle for a plaintiff to bring constitutional claims. But, as discussed above, because Plaintiffs do not clearly cite to § 1983 in their substantive counts.

[3] Section 1983 claims also carry different elements depending on the particular claim brought under a specific constitutional amendment. For example, an Eighth Amendment conditions-of-confinement is different from an Eighth Amendment claim addressing medical needs. *Compare Averett v. Miree*, No. 2:19-CV-00419-AMM-SGC, 2021 WL 3912539, at *3 (N.D. Ala. Aug. 5, 2021) ("To establish a claim for conditions of confinement under the Eighth Amendment, a plaintiff must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering (i.e., was cruel and unusual); (2) the defendants' deliberate indifference to the condition; and (3) causation."), *with Ramirez v. Fonbah*, No. 4:22-CV-323-MW/MJF, 2024 WL 3465657, at *2 (N.D. Fla. June 20, 2024) ("To state a claim of deliberate indifference to a serious medical need, a plaintiff must allege the following elements: 1. the plaintiff had a serious medical need; 2. the defendant was deliberately indifferent to the plaintiff's serious medical need; 3. the plaintiff suffered an injury; and 4. the defendant's deliberate indifference caused the plaintiff's injury.").

of guesswork and assumption are the very reasons courts express such disdain for shotgun pleadings.

Moving on, the majority of Plaintiffs' claims begin with "Georgia Department of Corrections, GDC Prison,[4] GDC Prison staff and their contractors . . . [.]" *See, e.g.*, [Doc. 15, ¶¶ 24b, 25, 26a, 28, 29, 31, 32, 34b]. If you find yourself asking how a party is supposed to know if they are included in that list, you aren't alone. That sort of language does not clearly outline which claims are brought against which Defendants. Rather, it "forces [the Court] to play detective rather than umpire." *Vargas v. Lincare, Inc.*, --- F.4th ----, No. 24-11080, 2025 WL 1122196, at *8 (11th Cir. Apr. 16, 2025) (Tjoflat, J., concurring). It also fails to "[specify] which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Fletcher v. City of Madison*, No. 23-10873, 2025 WL 1074415, at *8 (11th Cir. Apr. 8, 2025).

Moreover, Plaintiffs' second proposed amended complaint lists six Defendants in

---

Not only do Plaintiffs fail to list § 1983 under Counts I or II, they also fail to list the specific elements of the various claims they seemingly intend to bring. *Smith v. AMH 2014-1 Borrower, LLC*, No. 1:22-CV-0805-SEG-JSA, 2022 WL 22684291, at *5 (N.D. Ga. July 26, 2022) ("Within each claim, the [c]omplaint must allege the individual legal elements of that claim and must allege particular facts (not just legal conclusions) that show a plausible basis for meeting each of those elements.").

[4] To be clear, Plaintiffs still seemingly bring claims against the Georgia Department of Corrections and the Georgia Diagnostic and Classification Prison—despite the Court's clear instructions to the contrary. [Doc. 13, p. 6 ("Accordingly, the Court **INSTRUCTS** Plaintiffs to remove any claim against the Georgia Diagnostic and Classification Prison and the Georgia Department of Corrections in any new proposed amended complaint pursuant to the Court's Order as explained within.")]; *but see* [Doc. 15, ¶ 25 ("Plaintiffs show this Court that not only was Georgia Department of Corrections, GDC Prison, GDC Prison staff and their contractors grossly negligent in Decedent Spence's death . . . [.]")].

the caption[5]—Antione Caldwell, Rovina Billingslea, Myron Hayes, Marlene Boyd, Iyalla Tobin, and Cheryl Ellis. [Doc. 15, p. 1].[6] In the meat of their proposed complaint, though, Plaintiffs name eleven Defendants—those listed above, plus Wellpath LLC, Berkley Insurance Company, Chicago IL-Hub International Midwest West, Atlantic Specialty Insurance Company, and Intact Insurance Company. [*Id.* at ¶¶ 5–15a]. For the majority of these Defendants, Plaintiffs never mention them again in the allegations of the proposed complaint. However, Plaintiffs continually refer to "Defendants" or "all Defendants." [*Id.* at ¶¶ 35, 54, 56a]. Plaintiffs offer *zero facts* tying Berkley Insurance Company, Chicago IL-Hub International Midwest West, Atlantic Specialty Insurance Company, and Intact Insurance Company to this case.

Next, several of Plaintiffs' new "counts" invoke multiple causes of action.[7] For example, Count I (Cruel and Unusual Punishment) cites to both the Eighth Amendment's cruel-and-unusual provision and the Fourteenth Amendment's due-process clause. [Doc. 15, ¶ 32]. However, "the language of the two Clauses differs, and the nature of the claims often differs." *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). And, since Spence was an inmate—presumably convicted and sentenced—only the

---

[5] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]").

[6] Plaintiffs also list John Doe #1 through #20. But, "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

[7] The Court recognizes that Rule 10's "separate count" command is only applicable if doing so would "promote clarity[.]" Fed. R. Civ. P. 10(b); *Weiland*, 792 F.3d at 1325. However, here, the claims are naturally distinct and should have been listed separately. Indeed, an official-policy claim against a prison warden is conceptually different from a medical-needs claim against a contractor-hired nurse.

Eighth Amendment applies to his cruel and unusual punishment claim. *Green v. Hooks*, 798 F. App'x 411, 420 (11th Cir. 2020).

Also embedded in Count I (again, a cruel and unusual punishment claim) are allegations that Defendants "failed to ensure that they employed and contracted reliable resources and employees[.]" [Doc. 15, ¶ 25]. That sounds an awful lot like a claim for inadequate hiring and retention, or a claim for inadequate supervision and training—claims that arise under either supervisor or municipal/entity liability. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Therefore, those claims should be set out in a different count and only list those Defendants which could fall under such a claim.

Once more, in Count I, Plaintiffs bring claims of inadequate medical care as to Spence's medical conditions, along with claims of deprivation of food and nutrition. [Doc. 15, ¶¶ 32–33]. However, again, those are two different claims that should be delineated separately. *Cormier v. Ward*, No. 5:21-CV-00218-MTT-MSH, 2022 WL 18415272, at *3 (M.D. Ga. Dec. 15, 2022) (finding that a medical-needs claim is distinct from an adequate-nutrition claim which arises under a "conditions-of-confinement claim"); *see also supra* n.3.

Count II—which Plaintiffs entitled: "Contracting with a Contractor Who Lacked the Competence for the Job"—fares no better. To be sure, it begins with "Georgia Diagnostics had a responsibility, if they were going to contract the services to Well Path, to make sure Well Path employees had the competence for the job[.]" [Doc. 15, ¶ 34a].

8

But, once again, Georgia Diagnostics is not a proper party to a § 1983 claim. *See supra* n.4.

Count II also, again, muddies the water between official-policy type claims and individual-based claims. Put differently, while Count II begins by framing the claims as official-policy claims—"Contracting with a Contractor Who Lacked the Competence for the Job"— it ends by arguing that "Georgia Department of Corrections, GDC Prison, GDC Prison staff and their contractors failed to provide adequate care to Decedent Spence, delayed and failed to provide Decedent Spence medical care and treatment, failed to provide follow-up care, failed to refer Decedent Spence to a hospital for treatment or have a specialist treat Decedent Spence." [Doc. 15, ¶ 48]. That sounds a lot like a medical-needs claim—not an official-policy claim.

Count III—labeled as "State Law Claim for Wrongful Death"—seems to include both Plaintiff Cleo Spence's claim for wrongful death along with the Estate's claim for pain and suffering. *See* [Doc. 15, ¶ 53 ("Plaintiff Cornelia Spence [as administrator of Spence's estate] brings this wrongful death lawsuit pursuant to Ga. Code §§ 19-7-1, 51-4-2, 51-4-4, 51-4-5 and § 51-4-1 and requests damages for Decedent's wrongful death.")], *in connection with* [*id.* at ¶ 54 ("Plaintiff Cleo Spence and Plaintiff Cornelia Spence [as administrator of Spence's estate][8] seek compensation for pain and other damages

---

[8] Importantly, Cornelia Spence is only a party as the "Court Appointed Personal Administrator of the Estate of Jeremiah Ebenezee Spence." [Doc. 15, p. 1]. Therefore, any claim brought by Cornelia Spence is necessarily brought by the Estate.

9

experienced as a result of Decedent Spence's wrongful death[.]")]. But, "[a]n individual's claim for wrongful death and an estate's claim for the decedent's pain and suffering are distinct causes of action." *Camacho v. Nationwide Mut. Ins. Co.*, 13 F. Supp. 3d 1343, 1359 (N.D. Ga. 2014).[9] While it is unclear if Plaintiffs are attempting to seek damages for their own pain and suffering or for the "pain and agony" that Spence likely experienced before he died, *see* [Doc. 15, ¶ 26a], it is that kind of confusion that frustrates courts and adds unnecessary work for defendants.

Similarly, Count III—Plaintiffs' state-law wrongful death claim—also includes references to "cruel and unusual punishment[,] "violations of "Decedent Spences' 8th and 14th Constitutional rights granted him under the U.S. Constitution[,]" and "deliberate indifference[.]" [Doc. 15, ¶¶ 54–55]. Count III also lists five different "deliberate indifference"[10] allegations. Plaintiffs allege "All Defendants named herein were DELIBERATELY INDIFFERENT":

- by failing to provide sufficient medical care, [*id.* at ¶ 56e];

- by failing to ensure Spence was well nourished, [*id.* at ¶ 56f];

- by failing to transport Spence to a medical facility, [*id.* at ¶ 56g];

- by failing to properly supervise and train officers, inmates, and medical staff, [*id.* at ¶ 56h]; and

---

[9] Even more, Plaintiffs' wrongful death claims cite Georgia statutes that are inapplicable to the present case. *See, e.g.*, [*id.* at ¶ 53 (citing O.C.G.A. § 51-4-2 (relating to the wrongful death of a spouse or parent—however, there is no allegation that Cleo Spence is the decedent's spouse or child) and § 51-4-3]. Likewise, the Georgia General Assembly repealed O.C.G.A. § 51-4-3 more than 40 years ago.

[10] Deliberate indifference is the hallmark of a § 1983 claim.

10

- "as a whole as it relates to Decedent Spence, and his need for reasonable medical treatment[,]" [*id.* at ¶ 56i].

Those allegations appear to relate to Plaintiffs' claims under the "8th and 14th Constitutional rights[,]" [*id.* at ¶ 54], and seemingly have no place in a count reserved for a state-law wrongful death claim. But, even more broadly, that single paragraph—all found in one count—represents *at least* three different claims against either six or eleven Defendants, depending—of course—on whether you rely only on the caption, or the listing of the parties within the proposed complaint.[11] These are "separate allegations, involving different conduct, different facts, and different legal theories . . . yet, [Plaintiffs] lump them together in one catch-all count, forcing the [Court] . . . to sort them out." *Vargas*, --- F.4th at -----, 2025 WL 1122196, at *8 (Tjoflat, J., concurring).

## **CONCLUSION**

In the end, Plaintiffs failed to file a pleading that complies with the Federal Rules of Civil Procedure and the Eleventh Circuit's clear instructions against shotgun complaints. The Court warned Plaintiffs, and yet they did not heed its guidance. Therefore, the Court will honor its word and **DISMISS** Plaintiffs' action **with**

---

[11] And, remember, those Defendants are all differently situated. Indeed, it's hard to imagine how a nurse can be liable for a failure to train a prison officer. Or, how an insurance company (with no explanation of how the company is related to any other party) can be liable for the lack of nutritious food given to Spence. Needless to say, this sort of pleading just doesn't give proper notice to the parties or the Court.

**prejudice**.[12] *See Vibe Micro, Inc.*, 878 F.3d at 1296.

      **SO ORDERED**, this 23rd day of April, 2025.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[12] To the extent Plaintiffs intended to bring claims—against the Georgia Department of Corrections, the Georgia Diagnostic and Classification Prison, or any state officer in their official capacity—which are barred in this Court by either sovereign immunity or the Eleventh Amendment, the Court **DISMISSES** those claims **without prejudice**. *Lincoln Mem'l Acad. v. Sch. Dist. of Manatee Cnty.*, No. 23-10195, 2023 WL 8231853, at *2 (11th Cir. Nov. 28, 2023) ("Without power to render a judgment on the merits, the district court should have dismissed the complaint against the Department without prejudice instead of with prejudice."); *Boyd v. Riverbend Corr. Facility*, No. 5:22-CV-00448-TES-CHW, 2022 WL 18396199, at *1 (M.D. Ga. Dec. 30, 2022).